1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   UNITED STATES OF AMERICA,                    CASE NO. CR20-0223JLR

11                           Plaintiff,           ORDER DENYING MOTION TO
                                                  REOPEN DETENTION
12          v.

13   TRINIDAD QUIJADA
     VALENZUELA,
14
                             Defendant.
15

16          This matter comes before the court upon Defendant's Motion to Reopen Detention

17   (Mot. (Dkt. # 23).)  For the reasons stated below, the Motion is DENIED.

18          The Complaint for Violation in this matter alleges that a Mexican drug trafficker

19   arranged to provide a large quantity of fentanyl pills to an Arizona drug trafficker with a

20   phone number belonging to Defendant.  (Compl. (Dkt. # 1) ¶ 5.)  Arrangements were for

21   15,000-20,000 fentanyl pills to be transported from Phoenix to Washington State.  (*Id.* ¶

22   6.)  Homeland Security arranged to meet the shipment at a Home Depot in Federal Way,

1   Washington. (*Id.* ¶ 7.) Agents watched as a red Mini Cooper arrived and Defendant got

2   out of the car. (*Id.* ¶ 9.) Defendant allegedly provided a sample of the fentanyl to a

3   confidential source, and the transaction was completed. (*Id.* ¶¶ 10-11.) A narcotics

4   detection dog detected fentanyl during the ensuing drug bust. (*Id.* ¶ 11.)

5       The Government moved for detention, and Defendant was detained. (*See* Mot. for

6   Detention (Dkt. # 2).) The detention includes a rebuttable presumption of a drug offense

7   with a maximum sentence of more than 10 years. (*Id.* at 1.) The court has reviewed the

8   Verbatim Transcript of Proceedings (Dkt. # 22), including the presentation by

9   Defendant's lawyer Ms. Paula Olson.

10      In his current effort to be released, Defendant asks "the court to establish

11  conditions of release that would enable him to return to Arizona." (Mot. at 9.) He argues

12  that his first effort was compromised by lack of communication with his lawyer. (*Id.* at

13  2.) The court has reviewed the additional information and finds it does not compel a

14  different conclusion. Next, Defendant asks the court to take notice of his pending

15  deportation proceeding and that he has a "strong case." (*Id.* at 2-3.) The court notes that

16  this argument will not withstand a conviction in this matter and should be considered

17  after the determination of this matter.

18      The remainder of Defendant's arguments are covered by 18 U.S.C. § 3142(g).

19  This provision requires Defendant to establish conditions of release that will "reasonably

20  assure" defendant's future appearances and the safety of the community. *See* 18 U.S.C.

21  § 3142(g). Even disregarding the weight of the evidence against Defendant, the court

22

1   still cannot find conditions of release that could reasonably assure Defendant's

2   appearance and protect the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(A).

3          As Defendant has failed to rebut the presumption of detention, and the court finds

4   oral argument on the motion would not be helpful, the Motion is DENIED.

5          Dated this 23rd day of March, 2021.

6

7   _____

8   The Honorable James L. Robart
    U.S  District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22